**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-40620
Summary Calendar

KEVIN BARNES

Plaintiff-Appellant

v.

DIRECTOR CHAPLANCY BILL PIERCE; WARDEN JOSEPH CASAL; ASSISTANT WARDEN A IGLESIAS; MAJOR CAROL MONROE; JOBETH SMITH, Chaplaincy Department; GARY HUNTER; CRYSTAL IRVIN, Grievance Coordinator; GARY L JOHNSON, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; MRS LINCKE, Chaplaincy Department; RANDY MUELLER, Correctional Officer; BRUCE PETERSON; IMAN OMAR SHAKUR; TEXAS BOARD OF CRIMINAL JUSTICE; TEXAS DEPARTMENT OF CRIMINAL JUSTICE; ROGER WILLIS, JR; Mr. WORCHESTER, Chaplaincy Department

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:05-CV-14

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kevin Barnes, Texas prisoner # 1063303, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 suit seeking damages and injunctive and declaratory relief. Barnes's complaint alleged that his rights under the First Amendment, the Equal Protection Clause, and the Religious Land Use and Institutionalized Persons Act (RLUIPA) were violated on the following bases: (1) while on cell restriction, he was precluded from participating in any religious services (cell-restriction claim); and (2) as a medium-custody inmate, he was able to participate in only one primary religious service per week (medium-custody claim) and was therefore unable to attend weekly Taleem services for Muslim inmates. We review the district court's summary judgment determination de novo. *See Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912 (5th Cir. 1992).

Barnes challenges the district court's holding that certain of the defendants were not liable because they were not personally involved in the alleged constitutional violations. We pretermit discussion of this, upholding the district court's summary judgment dismissal on other bases. *See Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993).

During the pendency of Barnes's appeal, the Texas Department of Criminal Justice-Institutional Division adopted a policy allowing all general population inmates on cell restriction to attend religious services, including Muslim services. Barnes is a general population inmate, and his claims for injunctive and declaratory relief under the First Amendment and the RLUIPA with regard to his cell-restriction issue are moot. *See Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir.), *petition for cert. filed*, No. 08-1438 (Feb. 17, 2009). The district court's judgment is therefore vacated in part, and the case is remanded to the district court for dismissal of Barnes's requests for injunctive and declaratory relief relating to his cell-restriction claim. *See id.* at 326 & n.15; *Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008).

Barnes is not entitled to damages under the RLUIPA, *Sossamon,* 560 F.3d at 331; nevertheless, he would be entitled to nominal damages if he could

establish that the enforcement of the cell-restriction policy violated his First Amendment rights. *See Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988). As in *Sossamon*, however, we do not reach the issue whether Barnes's cell-restriction claim stated a First Amendment violation because Barnes has pointed us to no cases rendering the defendants' actions under the cell-restriction policy unreasonable in light of clearly established law. *See Sossamon*, 560 F.3d at 336. Therefore, the defendants are entitled to qualified immunity on this First Amendment claim. *See Freeman v. Gore*, 483 F.3d 404, 410-11 (5th Cir. 2007).

With regard to his medium-custody claim, the district court held that the policy of limiting medium-custody inmates to only one primary religious service per week was not substantially burdensome to Barnes in light of the alternative means of exercising his religious rights and, additionally, was rationally related to legitimate security concerns. Barnes argues that the district court ignored evidence establishing that the policy of prohibiting medium-custody Muslim inmates from attending Taleem services, a non-primary religious service, has no logical connection to the prison's legitimate interest in security.

An inmate's right to the free exercise of his religion is subject to reasonable restrictions and limitations necessitated by penological goals. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Of the several factors relevant to determining the reasonableness of prison policy or actions by prison officials, Barnes challenges whether the regulation is logically connected to the legitimate governmental interests in security. *See id.* at 89-91. In support thereof, he points to summary judgment evidence that medium and minimum-custody inmates are allowed to intermingle in non-religious contexts and evidence which he contends indicates that the policy of prohibiting medium and minimum-custody inmates from attending religious services together was implemented only after Barnes filed the instant suit. Upon our review, however, Barnes's evidence does not create a genuine issue for trial regarding whether security concerns justify limiting

medium-custody inmates to one primary religious service per week. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Barnes has therefore not shown that the district court's disposition of his First Amendment claim was erroneous.

With regard to his RLUIPA claim, Barnes bears the burden of persuasion to show that the challenged government action imposes a "'substantial burden' on his religious exercise." *Adkins v. Kaspar*, 393 F.3d 559, 567 (5th Cir. 2004). Barnes has failed to assign error to and brief the district court's determination that Taleem services were merely a study group and that Barnes was not substantially burdened by his exclusion from that study group when he still had the ability to independently read the Koran. By failing to assign error to this determination, Barnes has waived review of the district court's disposition of his RLUIPA claim. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

With regard to his equal protection claim, Barnes argues that he has adduced evidence establishing that medium-custody Christian inmates are able to attend non-primary religious services, while medium-custody Muslim inmates may not. To establish an equal protection violation, Barnes "must prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated." *Baranowski v. Hart*, 486 F.3d 112, 123 (5th Cir.), *cert. denied*, 128 S. Ct. 707 (2007) (internal quotation marks and citation omitted). The evidence on which Barnes relies, however, does not support a finding of discrimination; the evidence instead suggests that all medium-custody inmates, regardless of faith, were allowed to attend a particular religious service. Barnes has therefore not shown evidence of disparate treatment or purposeful discrimination to support an equal protection claim.

Finally, Barnes argues that the district court abused its discretion in denying his motion for discovery. The district court was within its discretion to deny discovery given that the defendants raised a qualified immunity defense.

4

*See Williamson v. U.S. Dep't Agriculture*, 815 F.2d 368, 382 (5th Cir. 1987). Moreover, evidence similar to that which Barnes sought to discover had already been introduced in conjunction with Barnes's summary judgment opposition and evaluated by the district court in its order denying FED. R. CIV. P. 59(e) relief. Barnes has therefore not shown an abuse of discretion on the part of the district court in denying his discovery request.

DISMISSED IN PART; AFFIRMED IN PART; VACATED IN PART; REMANDED.