# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2012

Lyle W. Cayce
Clerk

No. 11-40008
Summary Calendar

MICHAEL TED LAMB,

Plaintiff-Appellant

v.

Warden II OSCAR MENDOZA, McConnell Unit; District Medical Director
MAXIMILLIANO HERRERA, McConnell Unit; Assistant Warden RICHARD
CRITES, McConnell Unit; Major DANIEL FERNANDEZ, Garza West Unit;
Physicians Assistant KOVALSKI,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CV-449

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael Lamb, Texas prisoner # 790214, appeals the take nothing judgment of the district court issued in accordance with the jury verdict for the defendants in his 42 U.S.C. § 1983 action for deliberate indifference to his serious medical needs. Lamb's claims fell into two categories: against Warden Mendoza, Assistant Warden Crites, and Major Fernandez, employees of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40008

Texas Department of Criminal Justice (TDCJ), for failing to stop the slamming of dominoes by other prisoners in the day room near his cell and for refusing to move him when he complained about the noise; and claims against Dr. Herrera and physician assistant (PA) Kovalski, employees of the University of Texas Medical Branch (UTMB), for deliberate indifference to his serious medical needs after the noise from the slamming dominoes allegedly ruptured his eardrum.

The district court allowed the case to proceed to a trial against defendants Mendoza, Crites, Fernandez, Herrera, and Kovalski. The district court dismissed Lamb's claim against Warden Mendoza at the close of plaintiff's case. The jury returned a verdict, finding that Lamb suffered from a serious medical need and that Dr. Herrera and PA Kovalski – but not Assistant Warden Crites and Major Fernandez – acted with deliberate indifference to Lamb's serious medical needs. The jury also concluded, however, that Herrera and Kovalski's deliberate indifference was not the proximate cause of any physical injury suffered by Lamb. Thus, the jury did not reach the issues of qualified immunity or damages.

Lamb argues that the district court plainly erred by failing to award him nominal damages based on the jury's finding that Herrera and Kovalski were deliberately indifferent to his serious medical needs. He contends that the jury found that these defendants had violated his constitutional rights and so he was entitled to nominal damages.

The district court instructed the jury that in order to prove that his Eighth Amendment constitutional rights were violated, Lamb had to prove that he had a serious medical need, that the defendants were deliberately indifferent to those serious medical needs, and that he was injured as a result of the defendants' acts or omissions regarding his medical need. This instruction is consistent with this Circuit's Pattern Jury Instruction concerning Eighth Amendment inadequate medical care claims. *See* Fifth Circuit Civil Pattern Jury Instruction No. 10.6 (2006). In order to prove a violation under the Eighth Amendment, the plaintiff

must prove all three elements. *Id.* The third element is a proximate cause requirement. Without proof of causation, a plaintiff cannot meet his constitutional burden. *Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 590 (5th Cir. 2004).

The jury found that the deliberate indifference of two defendants was not the proximate cause of any physical injury suffered by Lamb. The jury did not find that Lamb did not suffer an injury, but that these two defendants did not cause any injury suffered by Lamb. Causation of an injury was one of the elements Lamb had to prove to establish a constitutional violation. Having failed to prove proximate cause, Lamb failed in his burden of proof and was not entitled to any damages at all. *See Lewis v. Woods*, 848 F.2d 649, 652 (5th Cir. 1988).

Lamb argues that the district court plainly erred in not properly charging the jury on the liability of defendants Crites and Fernandez. He contends that the jury instructions failed to distinguish the basis of liability between the TDCJ defendants and the UTMB defendants, which misled the jury and left the jury incapable of finding the TDCJ defendants liable for their failure to provide him with tolerable living conditions free from excessive noise.

The theory of liability as to Assistant Warden Crites and Major Fernandez was that they were deliberately indifferent in their failure to control the excessive noise caused by the domino slamming. The district court instructed the jury that Lamb claimed that the defendants were deliberately indifferent to his serious medical needs by refusing to treat his perforated eardrum and "were further indifferent by refusing him to allow noise restrictions as ordered by UTMB specialists." Lamb did not object to this instruction. The jury instructions adequately informed the jury of the theories of liability as to the TDCJ and UTMB defendants and did not preclude the jury from finding the TDCJ defendants liable. Lamb has not demonstrated plain error. *See* FED. R.

CIV. P. 51(d)(2); *Jimenez v. Wood County, Tex.*, 660 F.3d 841, 845 (5th Cir. 2011) (en banc).

Lamb argues that the record shows that PA Kovalski and Dr. Herrera acted with malice and reckless disregard and that the issue of punitive damages should have been presented to the jury. He acknowledges that he did not object to this omission at trial. He contends that the jury found that Kovalski and Herrera were deliberately indifferent and that they violated his Eighth Amendment rights. Although the jury found that Kovalski and Herrera were deliberately indifferent, the jury also found no proximate cause on the third element required to prove the constitutional violation, and so Lamb was not entitled to any damages. *See Lewis*, 848 F.2d at 652. The alleged failure to instruct the jury on punitive damages thus cannot amount to plain error.

Acknowledging that plain error applies to this claim as well, Lamb argues that the jury verdict was against the great weight of the evidence. He contends that the record shows without doubt that his ear injury was caused by excessive noise. He notes his testimony that in January of 2006, an extremely loud noise created by a smashing domino caused an immediate sharp pain in his left ear, later diagnosed as a ruptured eardrum, and resulting in severe tinnitus.

Lamb failed to move for a judgment as a matter of law in the district court pursuant to Federal Rule of Civil Procedure 50. Dr. Quinn, who personally examined Lamb, did not determine a cause of his ruptured eardrum or his tinnitus. He could not say that Lamb's ear injuries were caused by the slamming of dominoes. Dr. Jennings knew of no literature which would link a ruptured eardrum to noise exposure. Dr. Dumas opined that Lamb's ruptured eardrum and hearing loss were most likely caused by his frequent ear infections. This testimony constitutes the "any evidence" required to support the verdict on plain error review. *See Flowers v. Southern Regional Physician Services*, 247 F.3d 229, 238 (5th Cir. 2001); *United States ex rel. Wallace v. Flintco Inc.*, 143 F.3d 955, 963-64 (5th Cir. 1998).

No. 11-40008

The district court denied Lamb's motion for injunctive relief, finding that Lamb did not make a claim for or otherwise seek injunctive relief in his original complaint, nor did he make such a request during the course of trial. Further, although the jury found Dr. Herrera and PA Kovalski to have been deliberately indifferent to his serious medical needs, the jury also found that their conduct did not cause Lamb any injury and did not award him damages. Lamb argues that the district court abused its discretion in denying his post-trial motion for injunctive relief. Lamb's claim for injunctive relief fails because his case was not successful on the merits. As discussed above in connection with his arguments for nominal and punitive damages, the jury found that the defendants' deliberate indifference was not the proximate cause of any physical injury suffered by Lamb. Having failed to prove proximate cause, Lamb failed in his burden of proof and was not entitled to any damages at all. *See Lewis*, 848 F.2d at 652. The district court did not abuse its discretion in denying Lamb's request for injunctive relief. *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006).

AFFIRMED; MOTION TO TAKE JUDICIAL NOTICE DENIED AS MOOT.