# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2013

Lyle W. Cayce
Clerk

No. 12-11203
Summary Calendar

TROY LEE PERKINS,

Plaintiff-Appellant

v.

JUDGE ANDY CHATHAM, 282nd District Court of Dallas County, Texas;
DALLAS COUNTY PUBLIC DEFENDERS OFFICE; CRAIG WATKINS, Dallas
County District Attorneys Office; LUPE VALDEZ, Dallas County Sheriffs Office;
STEVE FUENTES, Dallas Police Department; CHIEF OF POLICE DAVID
BROWN, Dallas Police Department; BRETT E. MARTIN

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-3651

Before HIGGINBOTHAM, DENNIS, GRAVES, Circuit Judges.

PER CURIAM:[*]

Troy Lee Perkins, Texas prisoner # 1480826, pleaded guilty in 2008 to four
counts of aggravated robbery and was sentenced to four concurrent terms of 12
years in prison. He filed a 42 U.S.C. § 1983 suit against the defendants alleging
violations of the First, Fifth, Sixth, Eighth, and Fourteenth Amendments.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

According to Perkins, the defendants were all aware of his mental illness but failed to provide him with psychiatric treatment and medication and failed to take steps to divert him to a mental health court; he was denied access to courts and witnesses in his favor; he lacked a culpable mental state for purposes of prosecution; his true identity was fraudulently concealed to deny him psychiatric care; his counsel "scared" him into pleading guilty and failed to take other actions; he was denied a request for new appointed counsel; and the defendants conspired to imprison him unlawfully.  He requested that his case be remanded for transfer to a mental health court; that he be discharged from confinement; and that he be awarded nominal and punitive damages.

The district court dismissed the action as frivolous pursuant to 28 U.S.C. §§ 1915(e), 1915A and denied Perkins leave to proceed in forma pauperis (IFP) on appeal.  Perkins has moved to proceed IFP in this court, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Perkins has failed to demonstrate that his appeal is taken in good faith. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  First, the trial judge and the prosecutor are immune from suit, and Perkins has alleged no facts that would overcome that immunity.  *See Boyd v. Biggers,* 31 F.3d 279, 284-85 (5th Cir. 1994).  The public defender's office and appointed counsel have no liability under § 1983 as they are not state actors.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

In addition, contrary to his assertion that he did not challenge his conviction, Perkins argued that his plea was induced by counsel; that he lacked a culpable mental state; that he was unlawfully imprisoned; and that he should be released from confinement and diverted to a mental health court.  Such claims imply the invalidity of his conviction and are barred at this time.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Further, a § 1983 action is not the appropriate vehicle to challenge the fact of confinement.  *See Wilkinson v.*

*Dotson*, 544 U.S. 74, 78 (2005).  To the extent that Perkins asserted a separate Fourteenth Amendment claim that he was denied psychiatric treatment and medication, the conclusory allegations set forth in his complaint were insufficient.  *See Lewis v. Woods*, 848 F.2d 649, 653 (5th Cir. 1988).

In light of the foregoing, Perkins's motion to proceed IFP is denied, and his appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous counts as a strike for purposes of the IFP provisions of 28 U.S.C. § 1915(g), as does the district court's dismissal of Perkins's complaint.  *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  Perkins has a prior strike from an action in which he brought similar claims against his appointed counsel.  *Perkins v. Martin*, No. 3:09-CV-1731-N-BH, 2009 WL 3816525, at *1, *4 (N.D. Tex. Nov. 12, 2009).  Accordingly, Perkins is now barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED.