# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

─────────────

No. 15-30633
Summary Calendar

─────────────

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2016

Lyle W. Cayce
Clerk

MOHAMED ADMED HASSAN ABDALLAH OMRAN,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; NICOLE ROY; UNKNOWN DEFENDANT,

Defendants-Appellees

─────────────────────

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:15-CV-1418

─────────────────────

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Mohamed Admed Hassan Abdallah Omran,[1] immigration detainee
# A079680001, appeals the district court's dismissal of his *Bivens*[2] and Federal
Tort Claims Act (FTCA) complaint as frivolous, for failure to state a claim upon
which relief could be granted, and for lack of jurisdiction. *See* 28 U.S.C.

─────────────────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

[1] Omran lists his full name as "Mohamed Ahmed Hassan Abdallah Omran."

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388
(1971).

No. 15-30633

§§ 1915(e)(2)(B), 1915A, 2680(c).  Omran alleged that U.S. Marshal Nicole Roy and a computer expert deleted or erased personal computer files from Omran's computer while it was in the custody of the United States Marshals.

We review the district court's §§ 1915(e)(2)(B) and 1915A dismissal of Omran's *Bivens* claim de novo.  *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  To the extent that Omran asserted that Roy and the expert negligently deleted his electronic data, such a claim does not implicate the Due Process Clause.  *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Lewis v. Woods*, 848 F.2d 649, 652 (5th Cir. 1988).  Such a claim thus lacks an arguable basis in law and is frivolous.  *See Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009).

Although the intentional deprivation of property by a government official may amount to a due process violation in certain cases if the deprivation is authorized and not random, *see Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 822 (5th Cir. 2007), Omran has not alleged facts showing either an authorized or deliberate deletion of his computer data and thus he has failed to state a claim of an intentional deprivation of property under *Bivens*.  *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

We review de novo the district court's dismissal for lack of jurisdiction of Omran's FTCA claim.  *See Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999).  The FTCA waives the sovereign immunity of the United States for "claims arising out of torts committed by federal employees."  *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008).  However, "[t]he FTCA exempts from this waiver certain categories of claims," *id*. at 218, including, as relevant here, claims arising from the detention of property by customs officers, excise officers, and "any other law enforcement officer," § 2680(c).  *See Ali*, 552 U.S. at 218.  Because employees of the U.S. Marshals Service are such other law

enforcement officers, *see Schlaebitz v. United States Dept. of Justice*, 924 F.2d 193, 195 (11th Cir. 1991), the district court properly concluded that it was without jurisdiction to consider Omran's FTCA claim. *See Ali*, 552 U.S. at 218, 228; *Leleux*, 178 F.3d at 754.

We do not consider Omran's stated reference to a claim under the Fourth Amendment as he has briefed no argument on the issue. *See Morrison v. City of Baton Rouge*, 761 F.2d 242, 244 (5th Cir. 1985). Nor do we address Omran's contention that the defendants conspired to deprive him of his constitutional rights based on his racial ethnicity and national origin. Omran raised this issue for the first time in his objection to the magistrate judge's report and recommendation and alleged no facts in support of the claim in the district court or in this court. *See Cupit v. Whitley*, 28 f.3d 532, 535 n.5 (5th Cir. 1994). To the extent he was attempting in the district court to amend his complaint to add this conclusory assertion, the district court acted within its discretion in declining to allow such amendment. *See United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).

Because Omran's appeal is without arguable merit, it is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. Omran's motion for the appointment of counsel on appeal is denied.

The dismissal of the instant appeal as frivolous and the district court's dismissal of Omran's complaint both count as strikes under the Prison Litigation Reform Act. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Omran previously received a strike when we affirmed the district court's dismissal of his civil-rights lawsuit as frivolous in *Omran v. Metrejean*, 2015 WL 1508382, at *1 (W.D. La. Mar. 13, 2015), *aff'd*, 2016 WL 1391454 (5th Cir. Apr. 7, 2016). Because Omran has accumulated at least three strikes under § 1915(g), he is barred from proceeding in forma pauperis in any civil

No. 15-30633

action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. § 1915(g). As Omran is not proceeding in forma pauperis in the instant appeal, he is also warned that sanctions may be imposed in response to future frivolous filings.

APPEAL DISMISSED AS FRIVOLOUS; MOTION FOR APPOINTMENT OF COUNSEL DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.