# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30305

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2018

Lyle W. Cayce
Clerk

MOHAMMED AHMED HASSAN ABDALLAH OMRAN,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA; STEPHANIE FINLEY, in her personal
and official capacity,

Defendants - Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CV-42

Before HIGGINBOTHAM, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Mohammed Ahmed Hassan Abdallah Omran brought this pro se civil action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics and Dangerous Drugs*, 403 U.S. 388 (1971), the Federal Tort Claims Act, and 42 U.S.C. §§ 1985, 1986 as well as state law.  Omran is currently an immigration detainee, but his lawsuit arises out of constitutional

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30305

violations that allegedly occurred while he was in custody of the United States Marshals Service (USMS) for an appearance in a federal criminal proceeding. Omran's essential allegations are that his personal computer was illegally searched, seized, and tampered with while he was in custody of the USMS. He further contends that data was removed from the computer's hard drive, resulting in loss of personal documents and digital property. In connection with this alleged incident, Omran asserts various federal and state law claims against the United States, retired Deputy United States Marshal Nicole Roy, an "unknown computer expert," former United States Attorney Stephanie Finley, and Immigrations and Customs Enforcement Agent Scott Sutterfield.[1]

Omran's claims in this suit are identical to claims he brought in an action filed in April 2015 against the United States, Roy, and the "unnamed computer expert" in *Omran v. United States*, No. 15-CV-1418, 2015 WL 4134826, (W.D. La. July 8, 2015), *aff'd*, 668 F. App'x 131 (5th Cir. 2016). That action was ultimately dismissed with prejudice. Omran also asserted identical claims regarding the alleged seizure of his computer against the United States, Roy, and other federal actors/employees in a case filed in the District of Massachusetts in October 2014. That case was also dismissed in its entirety. *See Omran v. United States*, No. 14-CV-13881, 2016 WL 4158556, (D. Mass. June 22, 2016).

The district court dismissed Omran's instant complaint, holding that that res judicata barred his claims and that he failed to comply with proper filing procedures as a three-strike offender under 28 U.S.C. § 1915(g). The court later granted in part Omran's motion for reconsideration, concluding that res judicata did not apply to Omran's individual-capacity claims against Finley

---

[1] The Government states that three of the individual defendants were never served in this action and thus only the United States filed defensive pleadings in the district court.

2

No. 17-30305

and Sutterfield because these parties were not in privity with defendants in Omran's prior actions. However, the court declined to reinstitute the claims due to Omran's failure to comply with § 1915(g). Omran appeals, asserting that § 1915(g) does not apply to immigration detainees.

In its brief on appeal, the Government concedes that § 1915(g) does not apply to Omran, as an immigration detainee, and thus that the district court erred in dismissing his action on that basis. The Government asserts that, upon remand to the district court for further briefing, dismissal on alternative grounds would be appropriate. Accordingly, we VACATE the district court's judgment of dismissal and REMAND for further proceedings.